UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RICHARD OF THE FAMILY ALBRIGHT,
(Man) injured party

    Plaintiff,

v.                                            Case No:   2:16-cv-828-FtM-29MRM

DEPARTMENT OF REVENUE OF THE
STATE OF FLORIDA,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

This cause comes before the Court, *sua sponte*, upon review of the file. On November 10, 2016, Plaintiff filed his "Demand for Dismissal for Lack of IV-D Jurisdiction" (Doc. 1) along with the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2), construed as a Motion to Proceed *In Forma Pauperis*. After careful review of the "Demand for Dismissal for Lack of IV-D Jurisdiction," the Undersigned found that Plaintiff failed to state a claim and required Plaintiff to file an Amended Complaint on or before April 21, 2017 that complied with the instructions in the Court's Order. (Doc. 4 at 6). The Court specifically warned that "[i]f Plaintiff fails to file an Amended Complaint within this time, the Undersigned will recommend that this action be dismissed." (*Id.* (citing M.D. Fla. R. 3.10)).

Plaintiff did not file an Amended Complaint within the time set by the Court. The Court, nevertheless, afforded Plaintiff one final opportunity to file an Amended Complaint. (Doc. 5). On April 27, 2017, the Court ordered Plaintiff to show cause no later than May 12, 2017 why he failed to file an Amended Complaint that complied with the Court's March 23, 2017 Order (Doc. 4). (*Id.* at 2). Additionally, the Court ordered Plaintiff to file an Amended Complaint that

complies fully with the Court's March 23, 2017 Order (Doc. 4) no later than May 12, 2017. (*Id.*). The Court warned Plaintiff that failure to comply with the Order would result in the Undersigned recommending that this action be dismissed. (*Id.* (citing M.D. Fla. R. 3.10)). Plaintiff failed to file a response to the Order to Show Cause or to file an Amended Complaint as directed, and the time to do so has passed.

"Whenever it appears that any case is not being diligently prosecuted the Court may . . . enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution." M.D. Fla. R. 3.10(a). The decision to dismiss for want of prosecution is within the Court's discretion. *See McKelvey v. AT & T Techs., Inc.*, 789 F.2d 1518, 1520 (11th Cir. 1986) (citing *Martin-Trigona v. Morris*, 627 F.2d 680, 682 (5th Cir. 1980)).[1] The Eleventh Circuit has held, however, that "the severe sanction of dismissal – with prejudice or the equivalent thereof – should be imposed 'only in the face of a clear record of delay or contumacious conduct by the plaintiff.'" *Id.* (citing *Martin-Trigona*, 627 F.2d at 682). The Eleventh Circuit further stated that "such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." *Id.* (citing *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir. 1984); *E.E.O.C. v. Troy State University*, 693 F.2d 1353, 1354, 1358 (11th Cir. 1982)). The Court further held that "[a] finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." *Id.* (citing *Searock*, 736 F.2d at 653; *Troy State*, 693 F.2d at 1354, 1357).

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit Court of Appeals adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

While dismissal for lack of prosecution is a harsh sanction, the Undersigned can only conclude that Plaintiff's delay and unresponsiveness in this case is willful. *See McKelvey*, 789 F.2d at 1520. The Court's March 23, 2017 Order specifically warned Plaintiff that failure to file an Amended Complaint by April 21, 2017 would result in the Undersigned recommending dismissal. (Doc. 4 at 6). Similarly, the Court's April 27, 2017 Order warned Plaintiff that failure to comply with the Order would result in the Undersigned recommending that this action be dismissed. (Doc. 5 at 2). Despite these explicit warnings, Plaintiff did not file an Amended Complaint or show cause as ordered. Because Plaintiff has failed to comply with two successive Court Orders and has otherwise made no showing in any respect that he wishes this action to proceed, the Undersigned can only view Plaintiff's actions as willful delay warranting dismissal for failure to prosecute. *See McKelvey*, 789 F.2d at 1520; M.D. Fla. R. 3.10(a).

Accordingly, the Undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Demand for Dismissal for Lack of IV-D Jurisdiction (Doc. 1) be dismissed.

Respectfully recommended in Chambers in Fort Myers, Florida on May 15, 2017.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties